## CIRCUIT COURT OF THE CITY OF RICHMOND

Richard Allen Wilson

    v.

Ernestine Russell Wilson

January 31, 1980

Case No. E-6294

By JUDGE WILLARD I. WALKER

This matter is before the court on motion of the plaintiff for a new trial based on after-discovered evidence.

In 1974 plaintiff filed suit for divorce against the defendant. Paternity of Marie Angeline Wilson, a child born to the defendant on September 30, 19-- was disputed. A hearing on the issue of paternity was held on April 21, 1975. On April 22, 1975, an order was entered requiring plaintiff, defendant, and the infant to submit to a blood test to determine paternity. The results were inconclusive and could not exclude the plaintiff as the father of the infant child. Based on the evidence before the court, a final decree of divorce was entered on May 1, 1975. This decree specifically found that the plaintiff was the father of Marie Angeline Wilson and that this child was born of the marriage. The final decree was endorsed by plaintiff's counsel "Seen and consented to." On April 16, 1979, plaintiff filed a petition for a new trial based on after-discovered evidence.

This case is governed entirely by the provisions of Rule 1:1 of the Rules of the Supreme Court of Virginia. That rule provides in pertinent part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated or suspended for 21 days after the date of entry and no longer."

The final divorce decree entered May 1, 1975, was a final decree, and this matter passed from the control of this court on May 22, 1975.

A comment on the 1976 amendment found in the code annotation is instructive. "The first sentence is changed to add authority for the trial court to suspend, by order entered within 21 days, a final judgment pending disposition of a motion for a new trial, a petition for rehearing, or a like pleading." See also *Smith* v. *Commonwealth*, 207 Va. 459 (1966).

Because of the absolute provisions of Rule 1:1, the other interesting points raised by counsel in their memoranda need not be discussed.